IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21-cr-00745 |
| ) | |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| KEYZOE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Keyzoe Williams is charged with possession of a machinegun in violation of 18 U.S.C. § 922(o). Before the Court is his motion to dismiss the indictment on Second Amendment grounds in light of recent Supreme Court case *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). For the following reasons, the motion [38] is denied.

**Background**

The indictment states that from on or about February 6, 2021, through on or about August 13, 2021, Williams knowingly possessed a loaded Glock pistol equipped with an "auto sear" or "Glock switch." That conversion device allowed the Glock pistol to be used as a machinegun, meaning that it could fire more than one shot with a single function of the trigger.

During the timeframe charged in the indictment, Williams recorded himself in possession of the machinegun on multiple occasions. On February 6, 2021, Williams used his cell phone to record a short video of himself holding the Glock pistol with the Glock switch affixed to the rear of the pistol's slide. See Dkt. 41 at Ex. 1. Two days later, on February 8, 2021, Williams demonstrated his understanding that the Glock switch turned the Glock pistol into a machinegun, writing in a text message exchange to another individual: "u better shoot faster than a switch…Glock 19 shoot like water." *See id.* at Ex. 2. Williams also recorded additional videos of himself holding the Glock pistol

with the Glock switch including on February 27, 2021, where another associate pointed at the conversion device and stated, "can't duck dem switches," and on July 9, 2021, where Williams mimicked the sound of fully automatic gunfire. *See id.* at Ex. 3 (screenshots from Feb. 27, 2021 video); *id.* at Ex. 4 (Feb. 27, 2021 video); Ex. 5 (July 9, 2021 video).

On August 13, 2021, while executing a search warrant for the apartment in which Williams resided, law enforcement recovered the Glock pistol underneath a pillow on the couch where he had been sleeping. The Glock pistol still had the Glock switch attached to its slide, one round of 9mm caliber ammunition in its chamber, another 18 rounds loaded in an extended magazine, and a TruGlo laser sight mounted to the pistol's lower receiver. When interviewed that day, Williams admitted, post-Miranda, that the Glock pistol was his and that he had gotten it from his cousin. On September 20, 2021, law enforcement test fired the Glock pistol equipped with the Glock switch, and the firearm functioned automatically.

As a result, the government charged Williams with being a felon in possession of a firearm under Section 922(o). Williams now moves to dismiss the indictment as unconstitutional in light of *Bruen*, 142 S. Ct. 2111.

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Coscia*, 866 F.3d 782, 790 (7th Cir. 2017) (considering defendant's contention that the indictment must be dismissed because the statute under which it is brought is unconstitutionally vague). A court may decide all questions of law raised in a motion to dismiss, including the constitutionality and interpretation of a federal statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008).

**Discussion**

    A. Second Amendment

The Second Amendment to the United States Constitution states: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Second Amendment guarantees the right of "law-abiding, responsible citizens" to keep and bear arms for self-defense. *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

In *Bruen,* the Supreme Court announced a new test for analyzing the constitutionality of firearm restrictions. 142 S. Ct. at 2127. First, courts must determine whether the "Second Amendment's plain text covers an individual's conduct." *Id.* at 2129–30. If so, the Constitution presumptively protects that conduct and the burden shifts to the government to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126. Only then may the Court conclude that the "individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10, 81 S. Ct. 997, 6 L. Ed. 2d 105 (1961)).

    B. Plain Text of the Second Amendment

Williams argues that his conduct is covered by the plain text of the Second Amendment. Relying on *Heller*, Williams argues that the Supreme Court gave the term "arms" it's ordinary—and expansive—meaning of "weapons," which includes all firearms, even those that were not in existence at the time of the founding. *Id.* Because machineguns fit this definition, Williams asserts that machineguns are presumptively protected under the Second Amendment's plain text.

The Court disagrees. As the government points out, this argument is directly at odds with Supreme Court and Seventh Circuit precedent concluding that not all firearms are covered by the Amendment's text, and neither of which was disturbed in this regard by Bruen. *See Heller*, 554 U.S. at

3

625 (interpreting *United States v. Miller*, 307 U.S. 174, 183, 59 S. Ct. 816, 820, 83 L. Ed. 1206 (1939) to say that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns"); *Bevis v. City of Naperville, Illinois*, 85 F.4th 1175, 1193 (7th Cir. 2023) ("But what exactly falls within the scope of 'bearable' Arms [under Heller]? Not machineguns . . . ."); *Friedman v. City of Highland Park, Illinois*, 784 F.3d 406, 408 (7th Cir. 2015) (machinegun possession by private citizens is not covered by the Second Amendment). Thus, machineguns are not protected under the Second Amendment.

For Williams to prevail under a plain-text argument, he must establish successfully that machineguns are neither dangerous nor unusual. *See Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring) ("Our holding decides nothing ... about the kinds of weapons that people may possess."), and at 2162 (Kavanaugh, J., concurring) (recognizing that presumptively lawful regulations, such as prohibitions on dangerous and unusual weapons, are still constitutionally valid). However, Williams fails to make this argument. Further, this Court previously held that machineguns are dangerous and unusual weapons. *See United States v. Cooperman*, No. 22-CR-146, 2023 WL 4762710, at *3 (N.D. Ill. July 26, 2023) (Coleman, J.) (involving Glock conversion devices and auto sears). Accordingly, Williams' use of a machinegun is not covered under the plain text of the Second Amendment.

**Conclusion**

The felon firearm-dispossession statute, 18 U.S.C. § 922(o) does not violates the Second Amendment as applied to Williams. Thus, the Court denies Williams' motion to dismiss [38].

**IT IS SO ORDERED.**

Date: 1/26/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4